UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH WAYNE EASTRIDGE, <u>et</u> <u>al.</u>,     )
                                            )
          Plaintiffs,                       )
                                            )
     v.                                     )  Civil Action No. 06-448 CKK
                                            )
UNITED STATES OF AMERICA, <u>et</u> <u>al.</u>,  )
                                            )
          Defendants.                       )
_____ )

<u>DEFENDANTS' MOTION TO DISMISS</u>

     Defendants, the United States of America, Joseph Guerrieri,

Jr., and Martin J. Linsky[1] respectfully move, pursuant to Fed. R.

Civ. P. 12(b)(1), (2), (4), (5) and (6), to dismiss the Complaint

in this action.  In support of this motion, the Court is

respectfully referred to the accompanying memorandum of points

and authorities.

                         Respectfully submitted,


                         _____
                         KENNETH L. WAINSTEIN, DC Bar #451058
                         United States Attorney


                         _____
                         RUDOLPH CONTRERAS, DC Bar #434122
                         Assistant United States Attorney


                         _____
                         W. MARK NEBEKER, DC Bar #396739
                         Assistant United States Attorney

_____

     [1] The individual defendants are former Assistant United
States Attorneys for the District of Columbia.  They have been
sued in both their individual and official capacities.  <u>See</u>
Complaint, Caption.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH WAYNE EASTRIDGE, <u>et</u> <u>al.</u>,    )
                                               )
            Plaintiffs,                        )
                                               )
        v.                                     )   Civil Action No. 06-448 CKK
                                               )
UNITED STATES OF AMERICA, <u>et</u> <u>al.</u>,  )
                                               )
            Defendants.                        )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS</u>

I. <u>INTRODUCTION</u>

Plaintiffs have instituted the instant action pursuant to 42 U.S.C. § 1983, claiming that their 1976 conviction was in violation of the Constitution, because the prosecutors in their criminal case (individual defendants Linsky and Guerrieri) failed to satisfy their obligations under <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963), to disclose exculpatory information. Complaint, ¶¶ 11-15. Plaintiff Paul Zuckerberg, Esq., also alleges that he "is in the process of being appointed as the Personal Representative of the estate of Salvatore Infantolino, a.k.a. Michael A. Damien" and that he is pursuing wrongful death and Survival Act claims on behalf of Mr. Damien's estate as a result of his December 10, 2002 death, while incarcerated. <u>See</u> Complaint, ¶¶ 1, 7, 46-51.

As set forth below, the individual defendants have not been properly served, depriving the Court of personal jurisdiction, <u>see</u> Fed. R. Civ. P. 12(b)(2), (4) and (5). In any event, the claims against these individual employees are barred by absolute

prosecutorial immunity. See Moore v. Valder, 65 F.3d 189 (D.C. Cir. 1995), cert. denied, 519 U.S. 820 (1996). And, Plaintiffs cannot state a claim under 42 U.S.C. § 1983, because the claim is based on actions by individual federal employees acting under color of federal law. See Williams v. United States, 396 F.3d 412, 414-15 (D.C. Cir. 2005).

The official capacity claims are also subject to dismissal for lack of a waiver of sovereign immunity and because the United States and its officials in their official capacities are not "person[s]" within the meaning of 42 U.S.C. § 1983. Any common law claims that may be presented in the Wrongful Death and Survival Act counts (Counts IV and V), are subject to dismissal, because the United States has been substituted as the sole defendant for such claims by virtue of a certification under 28 U.S.C. § 2679(d), and Plaintiffs have not alleged the timely exhaustion of administrative remedies as required by 28 U.S.C. § 2674 in order to pursue a claim under the Federal Tort Claims Act ("FTCA"). In any event, the common law claims of wrongful death and under the Survival Act fail because Plaintiff Zukerberg has not alleged the proper representative capacity or the proximate cause of the decedent's death, and Counts IV and V would be untimely anyway.

## II.  ARGUMENT

### A.  This Court Lacks Personal Jurisdiction Over Defendants, As Plaintiff Has Failed To Effect Proper Service

This Court is without personal jurisdiction over Defendants Linsky and Guerrieri in the absence of proper service.  It is well established that, in an action against a federal employee in an individual capacity, the individually-sued defendant must be served with process in accordance with rules applicable to individual defendants.  See Fed. R. Civ. P. 4(i)(2)(B); Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Navy, Marshall & Gordon v. U.S. International Development-Corporation Agency, 557 F.Supp. 484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F.Supp. 24 (D.D.C. 1989).  Rule 4 generally requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.  Rule 4(e)(2). Service on the Attorney General of the United States and the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity." Lawrence, 79 F.R.D. at 670; Delgado, 727 F.Supp. at 27.  Indeed, under Rule 4(i)(2)(B), service on the

-3-

United States is required <u>in addition to</u> service on an individual Federal defendant.  Fed. R. Civ. P. 4(i)(2)(B).

Where, as here, a plaintiff seeks relief against Federal defendants in an individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment, <u>Reuber</u> v. <u>United States</u>, 750 F.2d 1039, 1049 (D.C. Cir. 1984); <u>Griffith</u> v. <u>Nixon</u>, 518 F.2d 1195 (2d Cir.), <u>cert</u>. <u>denied</u>, 423 U.S. 995 (1975), and the general rule is that a plaintiff has the burden of establishing personal jurisdiction.  <u>Reuber</u>, <u>supra</u> at 1052.  Because the record in this action does not establish proper personal service upon the individual defendants, any claim against them is subject to dismissal.

Plaintiffs' apparent efforts to effect service by mailing copies of the summons and complaint to the address of their former employer is ineffectual.  Assuming that this effort were made under Fed. R. Civ. P. 4(e)(1) and SCR-Civ. 4(c)(3)[1] service

---

[1]  Fed. R. Civ. P. 4(e)(1) allows service under state court rules.  SCR-Civ. 4(c)(3) allows for service by mail.  But, such service is allowed only where the court has personal jurisdiction over the defendant, <u>see</u> D.C. Code § 13-424 ("When the exercise of personal jurisdiction is authorized by this subchapter, service may be made outside the District of Columbia"); <u>Allied Arab Bank Ltd.</u> v. <u>Hajjar</u>, 115 WLR 1717, 1723 (Super. Ct. Aug. 19, 1987), and where there is record evidence that the person to receive the summons and complaint is the defendant or someone authorized to accept service for them.  SCR-Civ. 4(k); D.C. Code § 13-431(b) (requiring proof of mail service to include a receipt signed by the addressee or other evidence of personal delivery to the addressee); <u>MacMeekin</u> v. <u>de Krassel</u>, 123 WLR 2137, 2141-43 (Super. Ct. Oct. 31, 1995).  These prerequisites are not met here.

on the non-party individuals who signed the return receipt cards
filed by Plaintiffs does not satisfy the requirements of Rule 4.
See Leichtman v. Koons, 527 A.2d 745, 747 and n.5 (D.C. 1987)
(Office employee with authority to receive business mail does
not, by virtue of his or her position, have authority to receive
process, and actual knowledge of the existence of a lawsuit is no
substitute for personal service).  Plaintiffs have submitted a
notice describing the person who acknowledged receipt of the
summonses and complaints (Earnest Parker) as the "representative"
of the individual defendants.  See Affidavit Of Service (Docket
No. 3), ¶¶ 6-7, 10-11.  Plaintiffs, however, offer no basis of
knowledge for assessing whether Mr. Parker has been authorized to
accept service of process on behalf of the individual defendants,
and the return receipt cards filed by the Plaintiffs do not
indicate in the box to be checked that Mr. Parker is the "agent"
of the addressees.  See Docket No. 3.  In fact, Mr. Parker is not
authorized to accept service for them.  See Declaration Of John
Nave.  Plaintiffs have therefore not satisfied the requirements
of service.  Fed. R. Civ. P. 4.  Because the record in this
action does not establish proper personal service upon the
Federal Defendants, all claims against them are subject to
dismissal unless and until they are properly served.[2]

---

[2]  In light of the several other reasons calling for
dismissal of Plaintiff's claims, no purpose would be served by
the calling for additional efforts to effect proper service in

Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5).

B.  <u>The Individual Defendants Are Entitled to Absolute Immunity</u>

In any event, the individual defendants would be shielded by the absolute immunity they receive as prosecutors.  <u>See</u>, <u>e.g.</u>, <u>Buckley</u> v. <u>Fitzsimmons</u>, 509 U.S. 259, 269 (1993); <u>Yaselli</u> v. <u>Goff</u>, 275 U.S. 503 (1927).  In <u>Yaselli</u> v. <u>Goff</u>, the Court held that a prosecutor could not be sued for malicious prosecution. Later, in <u>Imbler</u> v. <u>Pachtman</u>, 424 U.S. 409, 420 (1976), the Supreme Court held that this absolute immunity barred constitutional tort claims.  The Court reasoned:

> The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties.  These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

<u>Id.</u> at 422-23.

The prosecutor's immunity extends to any activities that are "intimately associated with the judicial phase of the criminal process."  <u>Id.</u> at 430.  This includes "initiating a prosecution"

---

this action.  <u>See</u> <u>Simpkins</u> v. <u>District of Columbia Government</u>, 108 F.3d at 370 (dismissing baseless claims under <u>Bivens</u> v. <u>Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), on the merits notwithstanding lack of proper service); <u>Weakes</u> v. <u>FBI-MPD Safe Streets Task Force</u>, Civil Action No. 05-0595 ESH, 2006 WL 212141, *1 fn.3 (D.D.C. Jan. 27, 2006).

and "presenting the . . . case." <u>Id.</u> at 431.  Indeed, the

Supreme Court has reiterated this concept in <u>Burns</u> v. <u>Reed</u>, 500

U.S. 478 (1991), wherein it held that a prosecutor is entitled to

absolute immunity for participating in probable cause hearing

which led to the issuance of a search warrant.  The Court's

opinion in <u>Imbler</u> leaves no doubt about its intent to cloak <u>all</u>

advocatory functions with immunity:

> [S]uits that survived the pleadings would pose
> substantial danger of liability even to the honest
> prosecutor.  The prosecutor's possible knowledge of a
> witness' falsehoods, the materiality of evidence not
> revealed to the defense, the propriety of a closing
> argument, and--ultimately in every case--the likelihood
> that prosecutorial misconduct so infected a trial as to
> deny due process, are typical of issues with which
> judges struggle in actions for post-trial relief,
> sometimes to differing conclusions.

<u>Id.</u> at 425; <u>accord</u> <u>Burns</u> v. <u>Reed</u>, 500 U.S. at 492.

The Court of Appeals in this Circuit has concluded that

absolute immunity bars, <u>inter</u> <u>alia</u>, claims that prosecutors

failed to present exculpatory evidence to grand jury and did

present false testimony.  <u>See</u> <u>Gray</u> v. <u>Bell</u>, 712 F.2d 490, 494,

502 (D.C. Cir. 1983).  That Court has also held that

prosecutorial immunity protects the prosecutor from liability for

allegedly concealing exculpatory evidence manipulating evidence

before the grand jury, as well as for allegedly withholding after

indictment material evidence that is exculpatory.  <u>Moore</u> v.

<u>Valder</u>, 65 F.3d 189, 192-94 (D.C. Cir. 1995); <u>see</u> <u>also</u> <u>Hazel</u> v.

<u>Reno</u>, 20 F.Supp. 2d 21, 24 n.3 (D.D.C. 1998); <u>Zandford</u> v. <u>Nat'l</u>

-7-

Ass'n of Securities Dealers, Inc., 30 F.Supp. 2d 1, 15 (D.D.C. 1998); Davidson v. United States, Civil Action No. 04-443, 2005 WL 623228 (D.D.C. Mar. 17, 2005).[3]

        None of the alleged actions of Defendants Linsky and Guerrieri was taken outside of their fundamental responsibilities as advocates for the government as Assistant United States Attorneys.  As the complaint itself concedes, "at all relevant times" defendant prosecutors were "involved in the criminal prosecution of the Plaintiffs."  Complaint, ¶¶ 9-10.  Indeed, the focus of plaintiffs' complaint is defendants' exercise of discretion in applying Brady v. Maryland during their prosecution.  According to plaintiffs' complaint, defendant prosecutors should have produced under Brady the grand jury testimony of two of plaintiffs' fellow gang members who denied being present at the crime scene before the grand jury, whereas trial witnesses testified to their presence.  Id., ¶¶ 21-23. Plaintiffs assert that they could have used this evidence to argue that these persons lied to the grand jury, and thus had a guilty frame of mind.  Such evidence, they believe, would have bolstered their defense that others committed the crimes for which they were accused.  Id.  Defendants' purely prosecutorial acts, however, are cloaked with the absolute immunity delineated

_____

        [3]  Plaintiffs do not allege acts that would fall outside of those protected by such absolute immunity.  Cf., Moore v. Valder, 65 F.3d at 195.

in the above cases.[4] <u>Moore</u> v. <u>Valder</u>, 65 F.3d at 192-94; <u>Hartman</u> v. <u>Moore</u>, ___ U.S. ___, 126 S.Ct. 1695, 1700 (Apr. 26, 2006) (acknowledging that absolute immunity bars action based on prosecutor's actions).

   C.   <u>Sovereign Immunity and Limitations of Section 1983</u>

      Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity.   <u>Cox</u> v. <u>Secretary of Labor</u>, 739 F.Supp.

---

   [4] Even where a plaintiff's allegations concern actions outside the judicial phase of the criminal process, a circumstance not present here, prosecutors are still entitled to qualified immunity.  Federal officers and employees enjoy a qualified immunity from constitutional and certain statutory torts.  <u>Cleavinger</u> v. <u>Saxner</u>, 474 U.S. 193, 206 (1985); <u>Procunier</u> v. <u>Navarette</u>, 434 U.S. 555, 561 (1978).  The framework for application of qualified immunity to such claims is set out in <u>Harlow</u> v. <u>Fitzgerald</u>, 457 U.S. 800, 818 (1982) (government officials are shielded from liability for civil damages insofar as their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known);  <u>McSurely</u> v. <u>McClellan</u>, 697 F.2d 309, 316 (D.C. Cir. 1982).

      Unless the plaintiffs' allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.

<u>Mitchell</u> v. <u>Forsyth</u>, 472 U.S. 511, 526 (1985).   <u>See</u> <u>also</u> <u>Farmer</u> v. <u>Moritsugu</u>, 163 F.3d 610, 613-41 (D.C. Cir. 1998) (qualified immunity provides not only a defense to liability, but also an entitlement not to stand trial or face the other burdens of litigation).  Defendants' alleged actions in 1976 cannot, therefore, properly be challenged based on precedents that postdate the trial they prosecuted in 1976.  <u>See</u> <u>Anderson</u> v. <u>Creighton</u>, 483 U.S. 635, 639 (1987) (immunity to be assessed in light of the legal rules that were clearly established at the time action was taken); Complaint, ¶ 11.

29, 30 (D.D.C. 1990); see also, United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F.Supp. 1313, 1316 (D.D.C. 1985).  It is axiomatic that the United States, as the sovereign, is immune from suit except where Congress by specified statute has waived its immunity.  United States v. Mitchell, 445 U.S. at 538;  United States v. Sherwood, 312 U.S. 584 (1941).  A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."  United States v. King, 395 U.S. 1, 4 (1969).

When sued in their official capacities, government officials are not personally liable for damages; rather the damages action is equivalent to one against the government itself.  See Atchinson v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996).  That Plaintiffs may have named (or sought to name) federal employees as defendants in their official capacities does not operate to evade the immunity of the sovereign.  See Clark v. Library of Congress, 750 F.2d 89, 102-104 (D.C. Cir. 1984) (sovereign immunity acts as a bar to a damages remedy against the Librarian of Congress in an official capacity).  Thus, Plaintiffs cannot circumvent the barrier of sovereign immunity by naming government officials as defendants.  And, insofar as Plaintiffs are suing the individual defendants in their official capacities, the suit is really one against the United States because it seeks

-10-

entry of a judgment that will be satisfied through payment of public funds.  See Dugan v. Rank, 372 U.S. 609, 620 (1963); Panola Land Buyer's Ass'n v. Shuman, 762 F.2d 1550, 1555 (11th Cir. 1985); Alabama Rural Fire Ins. Co. v. Naylor, 530 F.2d 1221, 1225-26 (5th Cir. 1976).

Congress, however, has not consented to constitutional tort claims against even the United States.  Rather, there has been no waiver of sovereign immunity for such a claim.  FDIC v. Meyer, 510 U.S. 471, 478 (1994) (a constitutional tort claim is not cognizable under the FTCA); Settles v. U.S. Parole Commission, 429 F.3d 1098, 1106 (D.C. Cir. 2005) (sovereign immunity bars Section 1983 claims against a government agency); Kauffman v. Anglo-American School of Sofia, 28 F.3d 1223 (D.C. Cir. 1994); McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986), cert. denied, 479 U.S. 1034 (1987); Clark v. Library of Congress, 750 F.2d at 102-104; United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982).  In short, the FTCA does not waive the federal government's immunity from suit for any constitutional torts that may be committed by its employees.  Id.; see also 28 U.S.C. §§ 2679(b)(1) and (b)(2); Kline v. Republic of El Salvador, 603 F.Supp. at 1317; see also Laswell v. Brown, 683 F.2d 261 (8th Cir. 1982); Birnbaum v. United States, 588 F.2d 319, 327-328 (2nd Cir. 1978).  Consequently, the constitutional claims against

individual defendants in an official capacity and against the United States are subject to dismissal.

In any event, Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the person injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added).

Neither the United States nor any of its employees in an official capacity are a "person" within the meaning of Section 1983.  See Al Fayed v. CIA, 229 F.3d 272, 274 (D.C. Cir. 2000) ("the Court has repeatedly held that the word 'person' in a statute does not include a sovereign government absent affirmative evidence of such an inclusory intent").  And Section 1983 does not apply to federal officers acting under color of federal law.  See Bivens, 403 U.S. 388, 398 n.1 (1971) (Harlan, J., concurring); McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1980) ("Actions of federal officers are outside of [section 1983's] proscriptions."); Kingsley v. Bureau of Prisons, 937 F.2d

-12-

26, 30 n.4 (2nd Cir. 1991) (an action brought pursuant to Section 1983 "cannot lie against federal officials"); Heck v. Humphrey, 512 U.S. 477 (1994) (stating that section 1983 provides access to a federal forum for claims of unconstitutional treatment at the hands of state officials); Community For Creative Non-Violence v. Unknown Agents of the United States Marshals Service, 791 F.Supp. 1 (D.D.C. 1992) (the United States Marshals Service for the Superior Court of the District of Columbia was acting under color of federal law when Deputy Marshals executed an arrest warrant issued by the D.C. Superior Court ).

The traditional definition of acting under color of state law requires that the defendant in a Section 1983 action have exercised power "possessed by virtue of state law and made possible **only** because the alleged wrongdoer is clothed with the authority of state law." Williams v. United States, 396 F.3d 412, 414 (D.C. Cir. 2005) (emphasis added) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); West v. Adkins, 487 U.S. 42, 49 (1988); accord Monroe v. Pape, 365 U.S. 167, 187 (1961) (adopting Classic standard for purposes of § 1983) (overruled in part on other grounds, Monell v. New York City Dept. of Social Services, 436 U.S. 658, 695-701 (1978)); Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

The Williams court held that a Section 1983 action could not be maintained against a special police officer employed by the

U.S. Government Printing Office, who allegedly unlawfully
arrested appellant.  Id. at 413.  The Government Printing Office
is a federal agency which employed the appellee as a special
policeman.  Id.  Federal law authorized these policemen to:

> make arrest[s] for violations of laws of the United
> States, the several States, and the District of
> Columbia; and enforce the regulations of the Public
> Printer, including the removal from Government printing
> office premises of individuals who violate such
> regulations.  The jurisdiction of special policemen in
> premises occupied by or under the control of the
> Government Printing Office and adjacent areas shall be
> concurrent with the jurisdiction of the respective law
> enforcement agencies where the premises are located.

Id. (citing 44 U.S.C. § 317).  Williams, was arrested by Officer
Hardwick and thereafter alleged the deprivation of his Fourth and
Fifth Amendment rights in violation of Section 1983.  The Court
rejected Williams' contention holding that Williams could not
maintain a cause of action against the officer under Section
1983.  Id., at 416.

To constitute state action, "the deprivation must be caused
by the exercise of some right or privilege created by the State .
. . or by a person for whom the State is responsible," and "the
party charged with the deprivation must be a person who may
fairly be said to be a state actor."  Id.  "[S]tate employment is
generally sufficient to render the defendant a state actor."
Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-37 n.18 (1982); see
also Williams, supra., at 414-16.  Moreover, a defendant in a §
1983 suit acts under color of state law when he abuses the

-14-

position given to him by the State. <u>See</u> <u>Monroe</u> v. <u>Pape</u>, 365 U.S.
at 172. Thus, generally, a public employee acts under color of
state law while acting in his official capacity or while
exercising his responsibilities pursuant to state law. <u>See</u>,
<u>e.g.</u>, <u>Parratt</u> v. <u>Taylor</u>, 451 U.S. 527, 535-536 (1981); <u>Abramson</u>
v. <u>Bennett</u>, 707 F.Supp. 13, 16 (D.D.C.), <u>aff'd</u> 809 F.2d 291 (D.C.
Cir. 1989) (and cases cited therein); <u>Adickes</u> v. <u>S.H. Kress &</u>
<u>Co.</u>, 398 U.S. 144, 152 (1970). The individual defendants in this
action, however, were acting in their official capacities as
<u>federal</u> employees, not under color of state law. Specifically,
Defendants Linsky and Guerrieri were at all relevant times
Assistant United States Attorneys involved in the criminal
prosecution of the plaintiffs, and each was "acting as an
employee, servant and/or agent of Defendant United States of
America and/or The United States Attorney's Office." Complaint,
¶¶ 8-10; 28 U.S.C. §§ 541-547.

    Thus, Plaintiffs have failed to assert a claim upon which
relief can be granted under Section 1983.

    D.    <u>The Wrongful Death Claim and Survival Action</u>

    All counts of the complaint involve claimed violations of
the Constitution, but Counts IV and V also may include claims by
the potential personal representative of Mr. Michael Damien that
may be based on negligent or wrongful conduct. <u>See</u> Complaint,
¶¶ 48, 50. Mr. Zuckerberg alleges that he "is in the process of

being appointed as the Personal Representative of the estate of Salvatore Infantolino, a.k.a. Michael A. Damien" and that he is pursuing wrongful death and Survival Act claims on behalf of the estate as a result of Damien's December 10, 2002 death, while incarcerated.  See Complaint, ¶¶ 1, 7, 46-51.  More, however, is required to allege that one bringing an action is the real party in interest and thus has standing to bring suit.  See Fed. R. Civ. P. 17 ("Every action shall be prosecuted in the name of the real party in interest.").[5]  Regardless, any common law claims that may be presented are subject to dismissal, because the United States has been substituted as the sole defendant for such claims by virtue of a certification under 28 U.S.C. § 2679(d), and Plaintiffs have not alleged the timely exhaustion of administrative remedies as required by 28 U.S.C. § 2674 in order to pursue a claim under the Federal Tort Claims Act ("FTCA"). The FTCA is a limited waiver of sovereign immunity for certain monetary claims against the United States.  Absent full compliance with the conditions placed upon waiver of that immunity, the Court lacks jurisdiction to entertain tort claims against the United States.  GAF Corp. v. United States, 818 F.2d

---

[5]  Defendants acknowledge that the Court may be obligated to allow some period of time to permit joinder or substitution of the real party in interest.  Fed. R. Civ. P. 17(a).  But, they decline to waive the issue at this time.

901, 904 and n.86 (D.C. Cir. 1987).  One such condition is
contained in 28 U.S.C. § 2675, which provides:

> An action shall not be instituted upon a claim against
> the United States for money damages for injury or loss
> of property or personal injury or death caused by the
> negligent act or wrongful act or omission of any employee
> of the Government while acting within the scope of his
> employment, unless the claimant shall have first
> presented the claim to the appropriate Federal agency
> and his claim shall have been finally denied by the
> agency in writing and sent by certified or registered
> mail.  The failure of an agency to make final
> disposition of a claim within six months after it is
> filed shall, at the option of the claimant any time
> thereafter, be deemed a final denial of the claim for
> purposes of this section. . . .

28 U.S.C. § 2675(a); see GAF Corp. v. United States, 818 F.2d at

904 n.7.  This requirement is jurisdictional and cannot be

waived.  Hohri v. United States 782 F.2d 227, 245-46 (D.C. Cir.

1986), reh. denied, 793 F.2d 304 (D.C. Cir. 1987), rev'd on other

grounds sub nom., United States v. Hohri, 482 U.S. 64 (1987).  An

action cannot be maintained under the FTCA where the complaint is

filed before such an administrative claim is finally denied or

six months have passed.  McNeil v. United States, 508 U.S. 106,

112-13 (1993).  Moreover, procedural prerequisites in Section

2675(a) must be strictly construed inasmuch as the FTCA

constitutes a waiver of sovereign immunity.  Lann v. Hill  436 F.

Supp. 463, 468 (W.D. Okla. 1977).

    Because Plaintiffs have not claimed to have exhausted the

requisite procedure, they have failed to allege facts that would

state a claim within the jurisdiction of this Court.  See Sanchez

v. United States, 49 F.3d 1329, 1329-30 (8th Cir. 1995); Altman
v. Connally, 456 F.2d 1114, 1116 (2d Cir. 1972) ("Insofar as the
complaint seeks recovery from the United States in tort, it was
also deficient in that, apart from other considerations, it
failed to allege the presentation of a claim to the appropriate
Federal agency and a final disposition of the claim by that
agency."); Clayton v. Pazcoquin, 529 F. Supp. 245, 247-48 (W.D.
Pa. 1981) (dismissing for lack of jurisdiction, inter alia,
because "the complaint does not allege that an administrative
claim was presented to the Federal agency"); Campbell v. United
States, 496 F. Supp. 36, 38 (E.D. Tenn. 1980) ("The complaint
herein is deficient, in that it fails to aver that the required
administrative procedures were timely commenced and that there
has been a final disposition of the administrative claim by the
appropriate agency or agencies.").

In McNeil v. United States, 508 U.S. at 112-13, the FTCA
action was dismissed when the claimant commenced suit prior to
resolution of the administrative claim but before substantial
progress was made in litigation.  The Court found Section 2675(a)
to command dismissal of the plaintiff's claim as premature.
Plaintiffs here have failed to establish that they have timely
exhausted the administrative remedies called for in Section
2675(a).

A plaintiff must present the claim to the appropriate federal agency within two years of the accrual of the cause of action.  Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980); 28 U.S.C. §§ 2401(b), 2675(a).[6]  At a minimum, this administrative claim must consist of a demand in writing for a specified sum of money.  GAF Corp. v. United States, 818 F.2d at 919; Montova v. United States, 841 F.2d 102 (5th Cir. 1988).  A failure either to file an administrative claim or to file it within two years of the accrual will deprive a district court of jurisdiction over the claim.  Neither failure can be waived.  Jackson v. United States, 730 F.2d 808, 809 (D.C. Cir. 1984); Keene v. United States, 591 F.Supp. 1340, 1344 (D.D.C. 1984).

As noted, Plaintiffs have not alleged the timely exhaustion of administrative remedies under the FTCA, and because Counts IV and V stem from the death of Michael Damien on December 10, 2002, see Complaint, ¶¶ 46-50, no FTCA claim can be timely filed now (over two years later).  Thus, no common law claims can proceed absent proper exhaustion.

Even if Plaintiffs had timely exhausted administrative remedies, it is doubtful that they could pursue a claim, given

---

[6]  Even if the certification were somehow deemed ineffectual, Counts IV and V would be untimely anyway.  See D.C. Code §§ 12-301(4)(one year for assault, battery . . . malicious prosecution, false arrest, false imprisonment) and 12-301(8) (otherwise 3 years); Complaint, ¶ 47 (Michael Damien died on December 10, 2002); Complaint at 1 (filed 3/10/06).

the exceptions to the waiver of sovereign immunity found in 28
U.S.C. § 2680(h).  Moreover, in order to recover on a theory of
negligence, a plaintiff must establish that the wrongful conduct
by defendants was the proximate cause of injury to him.  See
Black v. Sheraton Corp. of America, 564 F.2d 531, 549 (D.C. Cir.
1977); Baltimore v. B.F. Goodrich Co., 545 A.2d 1228, 1233 (D.C.
1988)(plaintiff is required to present expert testimony
establishing, to a reasonable degree of medical certainty, that
the accident played a substantial role in bringing about
plaintiff's condition; this standard would prevent the fact
finder from speculating about the causal connection between the
defendant's negligence and the plaintiff's claimed disability);
Lacy v. District of Columbia, 424 A.2d 317, 319-22 (D.C. 1980);
see also Restatement (Second) of Torts § 431 (1965); District of
Columbia v. Frick, 291 A.2d 83, 84 (D.C. 1972) ("It is elementary
that an essential element in any negligence action is causation,
i.e., a reasonable causal connection between the act or omission
of the defendant and the plaintiff's injury."); McKethean v.
WMATA, 588 A.2d 708, 716-17 (D.C. 1991) (Ordinarily an
intervening act of a third party will break the chain of
causation unless the act was reasonably foreseeable) (citing,
inter alia, Lacy v. District of Columbia, 424 A.2d 317, 323 (D.C.
1980)).  Plaintiff Zuckerberg has failed to allege facts that
would support any proximate causation from the conviction of Mr.

Damien and his death.  <u>See</u> Complaint, ¶ 47 (noting that Damien
was falsely convicted and imprisoned "where he died.")

III.  <u>CONCLUSION</u>

For the foregoing reasons, the complaint should be
dismissed.


Respectfully submitted,


_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Federal Defendants' Motion To Dismiss and supporting memorandum has been made through the Court's electronic transmission facilities on this 22nd day of May, 2006.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230