UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH WAYNE EASTRIDGE, et al

    **Plaintiffs,**

v.                                    Civil Action No.   1:06CV00448

UNITED STATES OF AMERICA, et al

    **Defendants.**

## AFFIDAVIT OF KATE HILL GERMOND

1. I am over the age of eighteen (18), I am competent to testify to the matters stated within this affidavit and I am making this affidavit upon my own personal knowledge.

2. I am the assistant director of Centurion Ministries which is a non-profit organization dedicated to freeing factually innocent individuals serving either life sentences or awaiting execution.

3. The case of Messrs. Eastridge, Damien and Sousa came to the attention of Centurion Ministries in 1987. After a thorough initial screening process, we became convinced that there was a substantial chance that these individuals were factually innocent. In 1989, our organization began a thorough field investigation into their case.

4. One of our organization's priorities in conducting this field investigation was to contact the prosecuting authorities in an attempt to elicit their

cooperation in reviewing still existing documents from the original prosecution including physical evidence, laboratory examinations, transcripts, police reports and any and all documents relating to the original prosecution of the then fourteen year old case.

5. In December of 1989, I met with the Chief of the Special Proceedings Section of the United States Attorney's Office in the District of Columbia and continued my requests for documents pertaining to this case.

6. By December of 1990, Centurion obtained pro bono counsel to work with our organization on this case, specifically, Arthur Matthews of Wilmer, Cutler & Pickering and John Zwerling of Alexandria, Virginia.

7. On December 14, 1990, John Zwerling and I, met with the Chief of the Special Proceedings Section. During this meeting, we discussed the results of my investigation which concluded with Mr. Battle having been chased, caught and stabbed by Steven Jones, Chesley Barber, Charles Jennings and John Woods. Shortly thereafter, Jim McCloskey, Founder of Centurion Ministries, sent a letter recapping the December 14th meeting, specifically requesting any statements or grand jury testimony of Jennings, Woods and Barber. This correspondence is attached as Exhibit B. This Grand Jury testimony is the Brady material relied upon by Judge Collyer in granting of the habeas corpus based on actual innocence.

8. In April of 1991, the United States Attorney's Office agreed to review their entire file including any grand jury materials and share with Centurion

Ministries what the prosecutors determined to be appropriate to share.

9. In May of 1991, we responded to the government and specifically focused the prosecutor's office on the innocence of our clients and the guilt of Jones, Barber, Jennings and Woods. We specifically requested the government to obtain, review and reveal to us any statements by Barber, Jennings, Jones and Woods.

10. On June 17, 1991, the government responded to these requests and stated that they had examined the above requested grand jury materials among other items and also engaged in a lengthy telephone conversation with Defendant Joseph Guerrieri. Based on the above, the government concluded that the version of events provided by our clients was "patently incredible". The government also stated that there was no evidence to suggest that our clients were innocence or that the government's case was in any way tainted by unconstitutional prosecutorial misconduct. This letter is attached to this Affidavit as Exhibit C.

11. The government refused to voluntarily turn over any grand jury materials including what we now know to be the Brady material discussed in Judge Collyer's opinion.

12. In the years following, I made numerous unsuccessful attempts to persuade the government to disclose any Brady material including grand jury transcripts.

13. During this entire period, I continued my efforts to locate and obtain

affidavits from new witnesses and try to discover new evidence. Then in 1995, based upon newly discovered evidence, pro bono counsel filed a §23-110 motion in Superior Court along with a motion seeking discoverable information including the grand jury material now known to be the Brady material relied upon by Judge Collyer. The government successfully opposed the discovery motion, the claimants were denied a hearing and it took an additional ten (10) years of litigation before Federal Judge Rosemary Collyer ordered the grand jury material disclosed.

FURTHER SAITH AFFIANT NOT.

_____
Kate Hill Germond

Subscribed and sworn to before me this 9th day of August, 2006.

_____
Notary Public

LISA KURTZ
Notary Public:
State of New Jersey
My Commission Expires Jun 29, 2010