UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH WAYNE EASTRIDGE,** *et al.* | : |
|     **Plaintiffs,** | : |
|     v. | :    **Civil Action No. 06-0448** |
| **UNITED STATES OF AMERICA,** *et al.* | : |
|     **Defendants** | : |

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The Plaintiffs, by and through undersigned counsel, hereby submit the Plaintiffs' Sur-Reply to Defendants' Reply to Plaintiffs' Opposition to the Defendants' Motion to Dismiss. In support thereof, the Plaintiffs respectfully state as follows:

Plaintiffs have received additional information which clearly establishes that the individual Defendants do not enjoy prosecutorial immunity for their conduct. More specifically, Plaintiffs have received correspondence and other materials which demonstrate that the Defendants repeatedly failed to disclose <u>Brady</u> material to the Plaintiffs *long after* Plaintiffs' convictions had occurred. This new material, including the Affidavit of Kate Hill Germond (attached as Exhibit A), reveals that the Defendants were not engaged in merely "advocatory" functions and are not entitled to blanket prosecutorial immunity.

In support of Plaintiffs' Sur-Reply, the Court is respectfully referred to the attached Memorandum of Points and Authorities.

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC


By:            /s/
     Patrick M. Regan     No. 336107
     Paul J. Cornoni      No. 489398
     1919 M Street, NW, Suite 350
     Washington, D.C.  20036
     PH:  (202) 463-3030
     *Co-Counsel for Plaintiffs*


By:            /s/
     John Zwerling, Esquire
     Zwerling, Leibig & Moseley, PC
     108 N. Alfred Street
     Alexandria, Virginia  22314
     PH:  (703) 684-8000
     *Co-Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiffs' Sur-Reply, Memorandum of Points and Authorities in support thereof and proposed Order was electronically filed this  9th  day of August, 2006, to:

      W. Mark Nebeker, Esquire
      Assistant United States Attorney
      Judiciary Center Building
      555 4th Street, N.W., Civil Division
      Washington, DC 20530

                          /s/
                Patrick M. Regan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH WAYNE EASTRIDGE,** *et al.* | : |
| **Plaintiffs,** | : |
| v. | : Civil Action No. 06-0448 |
| **UNITED STATES OF AMERICA,** *et al.* | : |
| **Defendants** | : |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The Plaintiffs, by and through undersigned counsel, hereby submit the Plaintiffs' Memorandum in Support of Plaintiffs' Sur-Reply to the Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss. In support thereof, the Plaintiffs respectfully state as follows:

While prosecutorial immunity is absolute in certain circumstances the case at bar is distinguishable. Prosecutors receive "absolute" immunity for advocatory functions *only*.[1] As stated previously in Plaintiffs' Opposition, the individual Defendants were

---

[1] Courts have frequently employed a rigid advocatory/investigative/administrative trichotomy in analyzing prosecutorial functions. See McSurely v. McClellan, 697 F.2d 309, 318 (D.C. Cir. 1982)("a prosecutor engaged in essentially investigative or administrative functions receives only the lesser protection of qualified immunity"); see also Dellums v. Powell, 660 F.2d 802, 805 (D.C. Cir. 1981); Taylor v. Kavanagh, 640 F.2d 45 (2d. Cir. 1981); Mancini v. Lester, 630 F.2d 990, 992-93 (3d. Cir. 1980); Briggs v. Goodwin, 569 F.2d 10, 20-21 (D.C. Cir.1977), cert. denied, 437 U.S. 904, 90 S.Ct. 3089, 57 L.Ed.2d 1133 (1978).

Moreover, even assuming arguendo against the weight of the evidence in this case that the Defendants are not "state" actors pursuant to §1983, Defendants' Reply fails to effectively argue that Defendants are not subject to suit under Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971).

engaged in investigatory functions while violating Plaintiffs' unquestionable constitutional rights. The prosecutors received <u>Brady</u> evidence while investigating a criminal offense. During the investigation, Defendants actively sought and received witnesses' statements in the form of grand jury testimony. This is no different from the typical scenario wherein a police officer obtains a statement from a witness containing exculpatory information (during an investigation) and fails to turn over such <u>Brady</u> information to the prosecutor involved in the case. In such a scenario, the Courts have routinely held that the plaintiff's <u>Brady</u> rights have been violated and immunity does not exist for the actions taken by the police officer. <u>See</u> <u>e.g.</u>, <u>Bembenek v. Donohoo</u>, 355 F. Supp. 2d 942 (E.D. Wisc. 2005); <u>McMillian v. Johnson</u>, 878 F. Supp. 1473 (M.D. Ala. 1995); <u>Sanders v. English</u>, 950 F.2d 1152 (5th Cir. 1992); <u>Goodwin v. Metts</u>, 885 F.2d 157 (4th Cir. 1989).[2]

Even assuming arguendo that the Defendants were engaged in solely "advocatory" functions during the investigation of the murder of John Battle and during the criminal trial of the Plaintiffs in this matter, Defendants claim for blanket prosecutorial immunity still fails. More specifically, Defendants repeatedly violated the constitutional rights of the Plaintiffs long *after* their wrongful convictions. (<u>See</u> Exhibit A, Affidavit of Kate

---

[2]   Courts have held a prosecutor's failure to preserve evidence as non-advocatory. Our case is similar to <u>Henderson v. Fisher</u>, 631 F.2d 1115 (3d. Cir. 1980) (per curiam) (knowing failure to preserve exculpatory evidence held to be non-advocatory) and <u>Wilkinson v. Ellis</u>, 484 F.Supp. 1072 (E.D. Pa. 1980) (destruction of evidence held to be non-advocatory). In the case at bar, the prosecutors knowingly failed to disclose exculpatory information. The effect of this non-disclosure is uniquely similar to the cases cited above, i.e, a violation of Plaintiffs' due process rights to a fair trial.

Hill Germond). To argue that the individual Defendants were engaged in merely "advocatory" functions in the *decades* following the criminal trial in this matter simply does not carry weight.

Centurion Ministries, through the work of Kate Germond, became involved in the case of Messrs. Eastridge, Damien and Sousa in 1987. After an in-depth screening process, Centurion Ministries became assured that the Plaintiffs were innocent. In December of 1989, Kate Germond made formal requests for any and all exculpatory information concerning the Plaintiffs in the possession of the United States Attorneys' Office, including the Defendants in this matter. (See Exhibit A at ¶¶ 1-5). These requests were rebuffed by the Defendants.

Subsequently, on December 14, 1990, John Zwerling and Kate Germond, met with supervisory personnel at the United States Attorneys' Office. During this meeting, Kate Germond discussed the results of her investigation which concluded that Mr. Battle was murdered by Steven Jones, Chesley Barber, Charles Jennings and John Woods. (Exhibit A at ¶ 7). Shortly thereafter, Jim McCloskey, Founder of Centurion Ministries, sent a letter recapping the December 14th meeting, specifically requesting any statements or grand jury testimony of Jennings, Woods and Barber. (Exhibit B, December 19, 1990 Letter of Jim McClosky).[3] This formal request was rebuffed by the Defendants. However, the United States Attorney's Office agreed to review their entire file including

---

[3]    This grand jury testimony is the Brady material relied upon by Judge Collyer in her written opinion.

any grand jury materials and share with Centurion Ministries what the prosecutors determined to be appropriate. (Exhibit A at ¶ 8).

On June 17, 1991, the government responded to these requests and stated that they had examined the above requested grand jury materials among other items and also engaged in a lengthy telephone conversation with Defendant Joseph Guerrieri. Based on the above, the government concluded that the version of events provided by Plaintiffs was "patently incredible". The government also stated that there was no evidence to suggest that Plaintiffs were innocent. (See Exhibit C, Correspondence dated June 17, 1991). This correspondence is undisputed proof that Defendant Guerrieri violated the Plaintiffs' constitutional rights well over fifteen years after the criminal trial in question. Clearly, Defendants can not argue that their conduct well after the criminal trial in this matter was solely advocatory.

Four years later, in 1995, pro bono counsel filed a §23-110 motion in Superior Court along with a motion seeking discoverable information including the grand jury material now known to be the Brady material relied upon by Judge Collyer. Incredibly, Defendants opposed these motions. Plaintiffs were denied a hearing and it took an additional ten (10) years of litigation before Federal Judge Rosemary Collyer ordered the grand jury material disclosed. (Exhibit A at ¶ 13).

Notably, Plaintiffs were wrongfully convicted in January of 1976. Despite numerous requests, Defendants failed to turn over the exculpatory grand jury transcripts for a period of well over two decades. Plaintiffs spent this time incarcerated in federal

prison for a crime they did not commit. These simple facts are not disputed by the Defendants, and, indeed, this Court has expressly held these facts to be true. No legal justification exists for the granting of blanket immunity for the repeated unconstitutional actions taken by the Defendants in this matter.

## CONCLUSION

In light of the foregoing, the Plaintiffs respectfully request that the Defendants' Motion to Dismiss be denied in its entirety.

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC


By:  /s/
Patrick M. Regan        No. 336107
Paul J. Cornoni          No. 489398
1919 M Street, NW, Suite 350
Washington, D.C.  20036
PH:  (202) 463-3030
*Co-Counsel for Plaintiffs*


By:  /s/
John Zwerling, Esquire
Zwerling, Leibig & Moseley, PC
108 N. Alfred Street
Alexandria, Virginia  22314
PH:  (703) 684-8000
 *Co-Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH WAYNE EASTRIDGE,** *et al.*     : | |
| **Plaintiffs,**     : | |
| v.     : | **Civil Action No. 06-0448** |
| **UNITED STATES OF AMERICA,** *et al.*     : | |
| **Defendants**     : | |

# ORDER

Upon consideration of the Motion to Dismiss filed by the Defendants, the Opposition thereto filed by the Plaintiffs, Defendants' Reply thereto, Plaintiffs' Sur-Reply, and a review of the entire record herein, it is this ____ day of _____, 2006 hereby:

ORDERED: that the Defendants' Motion is hereby DENIED in its entirety.

SO ORDERED.

_____
Colleen Kollar-Kotelly
United States District Judge

cc:   Patrick M. Regan, Esquire
       Paul J. Cornoni, Esquire
       1919 M Street, NW, Suite 350
       Washington, D.C.  20036

       John Zwerling, Esquire
       108 N. Alfred Street
       Alexandria, Virginia  22314

- 7 -

W. Mark Nebeker, Esquire
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Civil Division
Washington, DC 20530

- 7 -