

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, DC 20001*

June 17, 1991

Ms. Kate Hill
Mr. Jim McCloskey
Centurion Ministries
20 Nassau Street
Suite 12
Princeton, N.J. 08542

Dear Jim and Kate:

Pursuant to the representations made in our most recent letter to you, Ms. Mullen and I reviewed all of the files and records which pertain to the Sousa, Eastridge and Damien case. We examined the public file, the Grand Jury materials, and the police records. In addition, we engaged in a lengthy telephone conference with Joseph Guerrieri, the prosecutor who tried the case. Having completed that review, we have reached the following conclusions.

First, there is no evidence whatsoever that the United States declined to prosecute any individual who may have been involved in the murder of Mr. Battle in consideration of some benefit that that person could provide the government. In other words, the government entered into no agreements with any of the other potential defendants, under which they were permitted to escape prosecution for the murder of Battle in exchange for testimony or information. In fact, the decision not to prosecute Chesley Barber, Charles Jennings and John Woods was premised on the perception by the prosecutors responsible for the case that it would be extremely difficult, if not impossible, to convict the three men, who may well have participated in the murder, but who, unlike Sousa, Eastridge, and Damien were not apprehended near the scene of the crime. If that determination allowed a guilty person to escape prosecution, it flowed not from a bargain between that person and the government, but from this office's decision to place its prosecutorial resources where those resources would more likely yield a conviction.

Second, there is absolutely no evidence to suggest that this office knowingly used any evidence which it had reason to suppose was false. To the contrary, the records reflect a conscientious effort on behalf of the detectives and prosecutors assigned to the case to reveal the truth. In the report prepared by your

organization you suggest that not only did police officers and other witnesses lie, the government knew of the lies and nevertheless sought a conviction. These allegations are completely belied by the files and records of the case.

Third, the version of events provided by your clients is patently incredible. It is implausible that, given what occurred that night, they did not participate in Battle's murder. A reasonable person viewing the evidence objectively could easily conclude that a substantial number of persons, including Messrs. Sousa, Eastridge, and Damien ran after Battle, participated in his murder and, after the murder, in an attempt to flee, ran back to the automobile in which they had arrived. Damien, Sousa and Eastridge were caught close to the scene of the crime as they tried to make their escape. Moreover, blood was found on objects in the automobile. Finally, consistent with the callousness displayed in the brutal slaying, Sousa and Eastridge boasted about their participation in the murder to Ms. Dorothy Willetts. The government presented a strong case of circumstantial evidence, which, in this jurisdiction, is as probative of guilt as direct evidence. The jurors, as the sole judges of the facts, chose to credit the government's case.

There is simply nothing in the record which suggests that innocent men were convicted or that the government's case was in any way tainted by improper or unconstitutional conduct. Therefore, we will not re-open the prosecution of this case.

Very Truly Yours,

JAY B. STEPHENS,
UNITED STATES ATTORNEY

By:

John M. Facciola,
Chief, Special Proceedings