```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
                                        )
JOSEPH WAYNE EASTRIDGE, et al.,         )
                                        )
         Plaintiffs,                    )
                                        )
     v.                                 )  Civil Action No. 06-448 CKK
                                        )
UNITED STATES OF AMERICA, et al.,       )
                                        )
         Defendants.                    )
                                        )
```

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendants, through the undersigned counsel, hereby oppose Plaintiffs' belated effort to supplement their opposition to Defendants' Motion To Dismiss. First, Plaintiffs' request to file a sur-reply is procedurally improper, because Defendants did not raise any new matters in their reply brief and Plaintiffs could have made the arguments they now seek to advance in their prior opposition to Defendants' Motion To Dismiss. Second, Plaintiffs' newly raised argument seeking to evade the bar of absolute prosecutorial immunity fails as a matter of law.

Plaintiffs erroneously claim that the filing of a sur-reply is appropriate in this action because they did "not have the opportunity to contest an issue where it has been presented for the first time . . ." Plaintiffs' Motion For Leave Of Court To File Sur-Reply To Defendants' Reply To Plaintiffs' Opposition To Defendants' Motion To Dismiss ("Plaintiffs' Mtn.") at 2 (citing United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.,

Inc., 238 F. Supp. 2d 270, 274-75 (D.D.C. 2002)). However, even the authority relied upon by the Plaintiffs makes clear that there is no legal basis for a sur-reply where no new facts were raised in Defendants' reply. In Pogue, the Court concluded as follows:

> A surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond. See Robinson v. The Detroit News, Inc., 211 F. Supp. 2d. 101, 112 (D.D.C. 2002) (Urbina, J.) ("The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." (citing Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001); Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C. 1998))). The matter must be truly new. Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (Urbina, J.) ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion.") A surreply is most appropriate where the new matter introduced is factual. Cf. Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C. 1998) (Lamberth, J.) (granting leave to file a surreply to respond to a new declaration).

United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d at 276-77.

In the instant action, the absolute immunity defense to which Plaintiffs seek to respond anew was first raised and discussed at length in the memorandum supporting Defendants' Motion To Dismiss. In that memorandum, Defendants showed that absolute prosecutorial immunity barred Plaintiffs' complaint, which alleged constitutional violations "[d]uring the trial" and when "at all relevant times" Defendant prosecutors were "involved

in the criminal prosecution of the Plaintiffs" and acted within their official capacity. Complaint, ¶¶ 9, 10, 14.  Thirty-eight days after service of the motion to dismiss, Plaintiffs opposed the motion, but never suggested, nor in truth could they, that Defendants long after they left the US Attorneys Office had a role in the decision of the US Attorneys Office not to disclose grand jury material, which in Plaintiffs' view compounded the alleged Brady violation.  Plaintiffs do admit, however, that the information that they neglected to mention in their opposition was made available to them as early as in 1991 and certainly by 1995.  See Affidavit of Kate Hill Germond ("Germond Aff."), ¶¶ 7-13.  Thus, it is beyond doubt that Defendants did not raise new arguments or facts in their reply brief, and it is equally clear that Plaintiffs could have but failed to raise the matters presented in their sur-reply in their prior opposition.

In any event, Plaintiffs' new arguments, which seek to circumvent the absolute immunity bar to this litigation, are irrelevant to the disposition of our motion to dismiss and lack any merit as a matter of law.  Plaintiffs appear to argue that the mere fact that Defendant Guerrieri in 1991 discussed their prosecution with John M. Facciola, then Chief of the Special Proceedings section of the US Attorneys Office, amounted to a further suppression of Brady material beyond the scope of absolute prosecutorial immunity.  See June 17, 1991 Letter to

Kate Hill; Germond Aff., ¶ 10.  As a threshold matter, Plaintiffs' suggestion that Mr. Guerrieri's 1991 conversation involved the production of Brady material is entirely gratuitous, and not based upon any reasonable inference to be drawn from the evidence presented in support of their sur-reply.  However, even accepting for purposes of argument Plaintiffs' rank speculation, Mr. Guerrieri, as a matter of law, could not have violated Plaintiffs' constitutional rights in 1991.  Plaintiffs fail to mention that the 1991 telephone conversation took place fourteen years after Defendant Guerrieri was no longer a government employee, but rather an attorney in private practice.  See http://www.liuna-eo.org/officer_bios.htm (noting Mr. Guerrieri's tenure as an Assistant United States Attorney for the District of Columbia spanned 1973-1977).[1]  Whatever else can be said of

---

[1] Federal courts regularly take judicial notice of government documents and documents from other reliable sources available on the Internet. Swierkiewicz v. Sorema, 534 U.S. 506 (2002); see also Grimes v. Navigant Consulting, Inc., 185 F. Supp. 2d 906, 913 (N.D. Ill.), vacated and remanded on other grounds, 536 U.S. 920 (2002) (taking judicial notice of historical stock prices from Yahoo!Finance) (citing Austin v. American Ass'n of Neurological Surgeons, 253 F.3d 967, 971 (7th Cir. 2001)); Cali v. East Coast Aviation Servs., Ltd., 178 F. Supp. 2d 276, 287 (E.D.N.Y. 2001) (taking judicial notice of Web-based corporate documents and documents from Pennsylvania state agencies and FAA); Cairns v. Franklin Mint Co., 107 F. Supp. 2d 1212, 1216 (C.D. Cal. 2000) (taking judicial notice of content on museum's web pages), aff'd, 292 F.3d 1139 (9th Cir. 2002); In re AgriBiotech Secs. Lit., No. CV-S-990144, 2000 U.S. Dist. LEXIS 5643 (D. Nev. Mar. 6, 2000) (taking judicial notice of public SEC filings from SEC Website).

Plaintiffs' rank speculation concerning a single phone call in 1991, it was made after the Defendant departed the prosecutor's office.  Thus, as a private citizen, he could not possibly have then violated anyone's constitutional rights.

> We agree with the district court that the private defendants cannot be liable for such a conspiracy [to violate constitutional rights] because they were not acting under the color of law. See Browning v. Clinton, 292 F.3d 235, 250 (D.C. Cir. 2002) ("Critical to a successful Bivens claim, of course, [the defendants] must have acted 'under color of [federal] authority." ' (quoting Bivens, 403 U.S. 388, 389, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (alteration in original))).  Rather, the private defendants acted as private entities.  Indeed, [Appellant's] complaint, as the district court noted, does not even allege that any of the private defendants acted under color of law.  As such, [Appellant's] constitutional claim against the private defendants was correctly dismissed by the district court for lack of subject matter jurisdiction.

In re Rodriquez, 2005 WL 3843612, *3 (D.C. Cir. 2005).  In short, even if the Court were to consider Plaintiffs' new argument based upon Mr. Guerrieri's 1991 telephone conversation, which took place fourteen years after he departed the US Attorneys Office, Plaintiffs' argument would clearly fail on the merits as well.

In light of the foregoing, it is respectfully submitted that Plaintiffs' untimely request to add argument and irrelevant facts, admittedly in their possession or available to them for

years, should be rejected and all of Plaintiffs' claims should be dismissed.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that service of the foregoing Opposition to Plaintiffs' Motion for Leave to File Sur-Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss and a proposed order has been made through the Court's electronic transmission facilities on this 17th day of August, 2006.

```
                              _____
                              W. MARK NEBEKER, D.C. Bar #396739
                              Assistant United States Attorney
                              Civil Division
                              555 4th Street, N.W.
                              Washington, DC  20530
                              (202) 514-7230
```